**El-Hag & Associates, PC**
Jordan El-Hag, Esq.
Dylan Wiley, Esq.
777 Westchester Ave., Ste. 101
White Plains, NY 10604
(914) 218-6190 (o)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
Karen Russell, individually and on behalf of all others similarly situated,

                             Plaintiff,

               -against-

BASF Corporation,

                             Defendant.
---------------------------------------------------------X

**Class Action Complaint**

Karen Russell ("Russell" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions working at the Defendant's former chemical operation facility located at 1057 Lower S. St, Peekskill, NY 10566, and other New York State operations, such as site warehouse workers, chemical operators, maintenance employees, laboratory technicians, and other non-exempt employees (collectively, "Hourly Workers") who work or have worked for BASF Corporation ("BASF" or "Defendant") in New York State.

2. At all relevant times, Defendants has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

1

3. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

4. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

5. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

6. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Hourly Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

7. Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Law, Article 6, §§ 190 et seq. ("NYLL").

## THE PARTIES

**Plaintiff**

**Karen Russell**

8. Plaintiff Russell is an adult individual who is a resident if the State of New York.

9. Plaintiff Russell was employed by Defendant as a Chemical Operator, an Hourly Worker, earning approximately between $20 to $30 dollars per hour during the six year period prior to filing this Complaint. Plaintiff Russell's pay rate varied as it increased from year to year.

10. Plaintiff is a covered employee within the meaning of the NYLL.

**Defendant**

    **BASF Corporation**

11. On information and belief, Defendant is a foreign business corporation doing business in the State of New York, but organized and existing under the laws of Delaware.

12. Defendant's principal executive office is located at 100 Park Ave, 100 Park Avenue, Florham Park, NJ, 07932.

13. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

14. During the six years prior to filing this Complaint, Defendant has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15. On information and belief, Defendant applies the same employment policies, practices, and procedures to all Hourly Workers within the State of New York, including policies, practices, and procedures with respect to payment of wages during the six years prior to filing this Complaint.

**JURISDICTION AND VENUE**

16. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

17. There are over 100 members in the proposed class.

18. Defendant is subject to personal jurisdiction in New York.

19. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## NEW YORK CLASS ACTION ALLEGATIONS

20. Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of Plaintiff and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for BASF in New York from December 26, 2017 through the date of final judgment in this matter (the "New York Class").

21. The members of the New York Class are so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

22. There are more than forty members of the New York Class.

23. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class in separate actions.

24. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. The defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

25. Plaintiff is able to fairly and adequately protect the interest of the New York Class and has no interest antagonistic to the New York Class.

26. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs in class action and multi-plaintiff wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudications of the controversy – particularly in the context of wages and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

28. Common questions of law and facts exist as the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include but are not limited to the following:

(a) Whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

PLAINTIFF'S FACTUAL ALLEGATIONS

29. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Karen Russell**

30. Plaintiff was employed by the Defendant as a chemical operator.

31. Plaintiff's duties included but were not limited to operating and managing equipment used in chemical production, ensuring its proper functionality and efficiency.

32. Despite regularly performing physical tasks, Plaintiff has been compensated by Defendant on a bi-weekly basis.

33. Defendant failed to pay Plaintiff's wages earned as required by NYLL § 191(1)(a).

34. Plaintiff was underpaid every corresponding period where Defendant paid Plaintiff on an untimely basis.

35. Moreover, Plaintiff was denied the time value of her money by Defendant's underpayment. Plaintiff was unable to invest, save, or purchase utilizing the wages she earned and was owed.

36. Additionally, Plaintiff routinely went grocery shopping once a week, but did not receive pay every week, which impaired Plaintiff Russell's ability to purchase groceries.

37. Another harm was Plaintiff's ability to purchase gas every week, or every few days, was impaired since Plaintiff was only being paid once every two weeks.

**FIRST CAUSE OF ACTION**
**New York Labor Law _ Failure to Pay Timely Wages**
**(Brought in behalf of Plaintiff and the New York Class)**

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

40. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

41. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.  Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C.  Liquidated damages permitted by law pursuant to the NYLL.

D.  Prejudgment and post-judgment interest;

E.  Reasonable attorneys' fees and costs of the action; and

F.  Such other relief as this Court shall deem just and proper.

Dated: White Plains, New York
       December 26, 2023

EL-HAG & ASSOCIATES, P.C

/s/ Jordan El-Hag

_____
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com

/s/ Dylan Wiley

_____
Dylan Wiley, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
D.Wiley@elhaglaw.com

8